

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2007

# Bethea v. Trump

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4019

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bethea v. Trump" (2007). *2007 Decisions.* Paper 1463.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1463

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4019
_____

DEREK BETHEA,

Appellant

v.

MR. DONALD TRUMP; MS. ANNA DELLAGATA;
MS. LILLY CORNMAN; JOHANNA REILLY,
sued jointly and in their individual capacities

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-01052)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 8, 2007

Before: RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed   March 15, 2007 )

_____

OPINION

_____

PER CURIAM

Derek Bethea, a New Jersey state prisoner proceeding pro se, appeals from the District Court's dismissal of his complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because we agree with the District Court and conclude that this appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B).

Bethea's complaint asserts that three employees of the Trump Plaza Atlantic City Hotel and Casino falsely testified at a grand jury proceeding and at his criminal trial that he placed illegal wagers at the Casino's roulette table on December 8, 1998. Bethea alleges that the Casino employees' purported false testimony led to his conviction for swindling and cheating, and that they thereby violated his civil rights. Bethea further contends that the Casino employees' testimony was perjured, and that defendant Donald Trump is liable for gross negligence.

Bethea is proceeding in forma pauperis, so we review this appeal to determine whether "it lacks an arguable basis in law or in fact" and thus should be dismissed pursuant to § 1915(e)(2)(B).[1] Neitzke v. Williams, 490 U.S. 319, 325 (1989). In short, after conducting an independent review, we agree with the District Court's reasoning for dismissing Bethea's complaint. He cannot maintain an action under 42 U.S.C. § 1983 for violation of his civil rights against the Casino employees because they did not act under

---

[1]    Although the District Court dismissed Bethea's complaint without prejudice, we have jurisdiction pursuant to 28 U.S.C. § 1291 because the dismissal was pursuant to § 1915(e). See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). Our review is plenary. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

2

color of state law when they testified before the grand jury or at the criminal trial. <u>See</u> <u>Briscoe v. LaHue</u>, 460 U.S. 325, 329-30 (1983) ("It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law'" as is required for recovery under § 1983.). Additionally, as the District Court explained, the remaining claims for perjury and gross negligence arise under state law, and because Bethea's federal claims are being dismissed at an early stage of litigation, "the state claims should be dismissed as well" pursuant to 28 U.S.C. § 1367(c). <u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 780, 788 (3d Cir. 1995). <u>See</u> <u>also</u> <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966).

For the foregoing reasons, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). As a result of our disposition, Bethea's motion for appointment of counsel is denied as moot. Bethea's motion for state court transcripts is denied because the transcripts are not relevant to our current inquiry.